## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CASTRO & CO., LLC | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| *v.* | ) | **Case No. _____** |
| | ) | |
| ANONYMIZE, INC. AND | ) | |
| RANSU SALOVAARA, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff CASTRO & CO., LLC (hereinafter "Castro" or "Plaintiff") files this lawsuit against ANONYMIZE, INC. and RANSU SALOVAARA (hereinafter "Defendant Anonymize," "Defendant Salovaara," of collectively, "Defendants") and alleges, by and through its attorney of record, as follows:

### JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction over this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367(a).

2.    Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims for relief stated in this Complaint occurred in this district and a substantial part of property that is the subject of the action is situated in this District.

### PARTIES

3.    Plaintiff, CASTRO & CO., LLC, is a Wyoming corporation with its principal place of business located in Dallas, Texas. Castro & Co.'s office address in Dallas is 13155 Noel Rd.,

Ste. 900, Dallas, Texas 75240.

4.      Defendant, ANONYMIZE, INC., is the registrant, administrative contact and technical contact for the Domain Name. In connection with registering the domain name, ANONYMIZE, INC. stated it maintains an address at P.O. Box 742, Bellevue, Washington 98009.

5.      Defendant Ransu Salovaara, was the original listed owner of the domain name until the domain registration was made private. Defendant Ransu Salovaara may be located at 2131 Parnell Way, Altadena, CA 91001.

6.      Plaintiff is informed and believes, and therefore alleges, that other entities that cannot yet be known may have committed the unlawful acts that Plaintiff alleges. Plaintiff will seek leave of the Court to amend this Complaint after discovery to state the true names and capacities of these entities or any other unknown Defendants.

## FACTUAL ALLEGATIONS

7.      Plaintiff has a federal trademark registration, no. 87756075, for the mark CRYPTOSECURITIES. Plaintiff operates a website at www.cryptosecurities.exchange, an online platform that permits digital currency exchange transaction services for transferable electronic cash equivalent units having a specified cash value for use in the payment for fiduciary services and insurance services.[1]

8.      Plaintiff has engaged in extensive marketing activities in connection with its mark CRYPTOSECURITIES, and has expended significant resources to develop its goodwill in and consumer identification with the mark. As a result, the mark CRYPTOSECURITIES has become an extremely valuable asset of Plaintiff.

9.      Plaintiff believes, and therefore alleges, that Defendants are cybersquatters who

---

[1] A true and correct copy of said registration is attached and made **Exhibit A** hereto.

knowingly register trademarks as domain names and then sells them to the rightful trademark owners.

10.     Defendant registered the domain name www.cryptosecurities.com, which domain name incorporates Plaintiff's registered mark in its entirety. When a consumer visits the domain name, they are directed to a page stating that "**The domain name cryptosecurities.com is for sale!**" by the domain administrator (ANONYMIZE, INC.) and are directed to "**Make an offer**." In doing so, Defendant acts as a spoiler, preventing Plaintiff from doing business on the internet under Plaintiff's service mark unless Plaintiff purchases the domain name from Defendant.

11.     Defendants have no intellectual property rights or trademark in the name CRYPTOSECURITIES aside from the registered domain name. The domain name does not contain the name of Defendants. Defendants have no "prior use" (or any current use) of the domain name in connection with the bona fide offering of goods or services nor do Defendants use the domain name for a non-commercial or fair use purpose. Defendants have registered the domain name for the sole purpose of selling it for financial gain. As a consequence, Defendants' unauthorized use of Plaintiff's mark is damaging the rights of Plaintiff in its mark, and is done deliberately in bad faith.

12.     When a consumer looking for CRYPTOSECURITIES reaches Defendants' domain name by virtue of Defendants' reproducing Plaintiff's mark in its entirety, the consumer is prevented from reaching Plaintiff and is likely to be confused. They are directed to website that is listed for sale. Plaintiff loses opportunities to interact with consumers and loses initial contact while Defendants squat on the domain name until it can be sold for profit.

13.     Moreover, by its unauthorized use of Plaintiff's CRYPTOSECURITIES mark to profit from it, Defendants have engaged in using a word, term, name, symbol, or device, or a

combination thereof, which is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or as to the commercial activities of Plaintiff. In doing so, Defendants have damaged Plaintiff.

## COUNT I
### Infringement of Federally Registered Trademark
### (Lanham Act § 32, 15 U.S.C. § 1114)

14.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

15.     To recover on a claim of trademark infringement, a plaintiff must show that the mark is legally protectable and must then establish infringement by showing a likelihood of confusion.[2] The Lanham Act provides a cause of action for infringement where one "uses (1) any reproduction, counterfeit, copy[,] or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution [,] or advertising of any good; (5) where such use is likely to cause confusion, or to cause mistake or to deceive."[3]

16.     By Defendants' actions described above, Defendants used in commerce, without Plaintiff's consent, reproductions, counterfeits, copies or colorable imitations of Plaintiff's registered service mark "CRYPTOSECURITIES" in connection with the sale, offer for sale, distribution, and/or advertising of goods, such use being likely to cause confusion, to cause mistake, or to deceive.

17.     Upon information and belief, the foregoing conduct of Defendants has been willful.

18.     The actions of Defendants described in this Count violate Plaintiff's rights under the Lanham Act and have caused damage to Plaintiff for which Plaintiff should be compensated

---

[2] *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Circ. 2008).
[3] *Id*. 15 U.S.C. §1114(1)(a).

by Defendants. As a consequence of Defendants' infringement, Plaintiff is entitled to relief as set forth below.

## COUNT II
### Federal Trademark and Unfair Competition Law
### (Lanham Act § 43, 15 U.S.C. § 1125(a))

19.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20.     The Lanham Act provides a cause of action for unfair competition when any person, in connection with any goods or services, or any container for goods or services, used in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which –

   a. is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person;[4]

21.     By Defendants' actions, Defendants have, without Plaintiff's consent, used in commerce a word, term, name, symbol, device, or any combination thereof, including without limitation, Plaintiff's mark CRYPTOSECURITIES which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff.

22.     Upon information and belief, the foregoing conduct of Defendants has been willful.

23.     The actions of Defendants described in this Count constitute unfair competition in violation of the Lanham Act. Defendant's acts have caused damage to Plaintiff for which Plaintiff

---

[4] 15 U.S.C. §1125(a)(1)(A).

should be compensated by Defendants. As a consequence of Defendants' violation, Plaintiff is entitled to relief as set forth below.

## COUNT III
### Violation of the Anti-Cybersquatting Protection Act
### (Lanham Act § 43, 15 U.S.C. § 1125(d))

24.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

25.     Defendants' registration and use of the Domain Name violates the Lanham Act's Anti-Cybersquatting Consumer Protection Act. A person shall be liable in a civil action by the owner of a mark, if, without regard to the goods or services of the parties, that person:

    a.  has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and

    b.  registers, traffics, or uses a domain name that –

        i.  in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;

        ii.  in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or

        iii.  is a trademark, word, or name protected by reason of section 706 of Title 18 or section 2220506 of Title 36.[5]

26.     If a court finds a violation of the ACPA, it may order the transfer of the domain name to the owner of the mark.[6]

27.     Plaintiff's trademark CRYPTOSECURITIES is reproduced in its entirety Defendants' domain name. Therefore, Defendants' domain name is confusingly similar to the CRYPTOSECURITIES service mark.[7]

28.     Upon information and belief, Defendants' actions were conducted in bad faith with

---

[5] 15 U.S.C. §1125(d)(1)(A).

[6] *E. & J Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270, 275 (5th Cir. 2002); 15 U.S.C.A. § 1125(d)(1)(C) ("In any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark").

[7] 15 U.S.C. §1125(d)(1)(A)(ii)(I).

an intent to profit from the CRYPTOSECURITIES mark.

29.     Upon information and belief, Defendants have never used the infringing domain name as trademark or service marks; thus, Defendants have no intellectual property rights to the domain name. The domain name does not contain any variation of Defendants' legal name, nor any other name commonly used to identify Defendants. Defendants have never used the infringing domain name in connection with the bona fide offering of goods or services. Defendants do not use the domain name for a non-commercial or fair use purpose.

30.     Upon information and belief, Defendants are actively attempting to sell the domain name to any party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services.

31.     Upon information and belief, Defendants have knowingly registered domain names which Defendants knew were identical or confusingly similar to marks of others that were distinctive or dilutive of famous marks of others that were famous at the time of registration, without regard to the goods or services of the parties.

32.     By virtue of these acts by Defendants, Plaintiff has suffered, and will continue suffer, damages and irreparable harm unless Defendants are preliminarily and permanently enjoined by this Court from using the domain name to infringe the CRYPTOSECURITIES mark, and is ordered to transfer ownership of the domain name to Plaintiff.

## COUNT IV.
### Injury to Business Reputation or Trade Name Under Texas Law
### (Texas Business & Commerce Code § 16.29)

33.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

34.     Defendants, through the conduct described above, is likely to injure Plaintiff's business reputation or dilute the distinctive quality of the CRYPTOSECURITIES mark, in

violation of Texas law.[8]

35.     As a consequence of Defendants' violation, Plaintiff is entitled to the relief set forth below.

## COUNT V.
### Trademark Infringement and Unfair Competition Under Texas Common Law

36.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37.     Defendants have infringed upon the CRYPTOSECURITIES mark and has engaged in unfair competition under Texas common law.

38.     As a consequence of Defendants' violations, Plaintiff is entitled to the relief set forth below.

## JURY DEMAND

39.     Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CASTRO & CO., LLC respectfully prays for relief as follows:

(a) The Court enter judgment in favor of Plaintiff CASTRO & CO., LLC and against Defendants on all causes of action;

(b) The Court enjoin Defendants from using the CRYPTOSECURITIES mark in any manner likely to cause confusion, or to cause to mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff; in any manner likely to dilute the distinctive quality of the CRYPTOSECURITIES mark; or in any manner likely to injure Plaintiff's business reputation or likely to be unfairly competitive with Plaintiff;

---

[8] TEX. BUS. & COM. CODE §16.29.

(c)  The Court order transfer of the domain name cryptosecurities.com to Plaintiff and enjoin Defendants from registering, transferring, or using a domain name containing, confusingly similar to, or identical to the CRYPTOSECURITIES mark;

(d)  The Court grant Plaintiff $100,000 in statutory damages for cybersquatting, if elected before final judgment, pursuant to 15 U.S.C. §1117(d);

(e)  The Court grant an award of punitive damages for the willful and wanton nature of Defendants' unlawful acts;

(f)  The Court award Plaintiff costs of suit, including attorney's fees; and

(g)  That the Court grant such additional relief as is just and equitable.

Respectfully submitted,


Dated: March 19, 2018

*Josh Milam*

JOSHUA S. MILAM
Texas Bar No. 24102203
**CASTRO & CO., LLC**
joshua.milam@castroandco.com
13155 Noel Road, Suite 900
Dallas, TX 75240
Tel. (214) 998-9607
Fax: (866) 700-7595

**ATTORNEY FOR PLAINTIFF**